**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREAT BOWERY, INC., a Delaware corporation, d/b/a "TRUNK ARCHIVE" and ANNIE LEIBOVITZ, an individual<br><br>Plaintiff,<br><br>     v.<br><br>PYROTEK E3, LLC, a Florida limited liability company, d/b/a "E3 SPARK PLUGS"; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. Copyright Infringement (17 U.S.C. § 101, *et. seq.*);<br><br>2. Vicarious and/or Contributory Copyright Infringement; and<br><br>3. Violation of DMCA 17 U.S.C. § 1202<br><br>**<u>JURY TRIAL DEMANDED</u>** |

1

**COMPLAINT**

Plaintiffs, Great Bowery, Inc., individually and doing business as "Trunk Archive" ("Trunk Archive"), and artist Annie Leibovitz ("Leibovitz") (collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.    This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3.    This Court has personal jurisdiction over Defendants because Defendants have regularly purposefully availed themselves of the privileges of conducting business in the State of New York and this judicial district, including through the exploitation of copyrighted works accessible to and targeted at residents of New York. Specifically, Pyrotek E3, LLC owns and operates an interactive commercial website (https://e3sparkplugs.com) and affiliated social media platforms through which it conducts "nationwide" commerce, including marketing to and processing sales for consumers within the State of New York.

4.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or the Defendants' agents may be found in this judicial district.

## PARTIES

5.    Plaintiff Leibovitz is a world-renowned photographer presently residing in New York and the author of the Subject Photograph. At all relevant times, Leibovitz has been the sole owner of all right, title, and interest in and to the copyrights in the Subject Photograph.

6.    Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a Delaware corporation with its principal place of business in New York. Trunk Archive is a licensing and syndication agency that represents Leibovitz.

**COMPLAINT**

7.      Leibovitz granted Trunk Archive an exclusive license for certain rights in the Subject Photograph, including the exclusive right to display, distribute, and/or otherwise authorize the use of the work. As the legal and/or beneficial owners of exclusive rights under a copyright, Plaintiffs are entitled to institute this action for infringement.

8.      On information and belief, Plaintiffs allege that Defendant Pyrotek E3, LLC ("E3"), is a Florida limited liability company doing business in and with this District, including through its commercial website and social media platforms.

9.      On information and belief, Plaintiffs allege that Defendants DOES 1 through 10, inclusive, (collectively with E3, "Defendants"), are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10.     On information and belief, Plaintiffs allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances.

**COMPLAINT**

**CLAIMS RELATED TO LEIBOVITZ'S PHOTOGRAPH**

11.     Leibovitz is a renowned photographer whose work has been featured globally in prominent publications and commercial campaigns for decades.

12.     Prior to the conduct complained of herein, Leibovitz composed and captured an original photograph which was registered with the United States Copyright Office on June 1, 2009, Registration No. VA 1-687-432; Leibovitz is owns all right, title, and interest in the photograph of Quentin Tarantino, depicted below ("Subject Photograph"):

**SUBJECT PHOTOGRAPH**



13.     Trunk Archive is the exclusive licensee authorized to display, distribute, and license Leibovitz's work, including the Subject Photograph.

**COMPLAINT**

14.     Plaintiffs routinely include copyright management information ("CMI") with the Subject Photograph, including metadata and attribution identifying Leibovitz as the creator and owner of same.

15.     Prior to the acts complained of herein, Plaintiffs widely publicly displayed and disseminated the Subject Photograph, including by offering it for license online through Trunk Archive.

16.     Following Plaintiffs' publication and display of the Subject Photograph, Defendants, and each of them, exploited the Subject Photograph for commercial purposes without authorization, including, but not limited to, on Defendants' commercial website, *www.e3sparkplugs.com.*

17.     On information and belief, Plaintiffs allege that Defendants, and each of them, had access to the Subject Photograph, including through Trunk Archive's online profiles, online publications and press featuring Leibovitz's work, and/or through viewing the Subject Photograph on third-party websites.

18.     Defendants, and each of them, have willfully copied, modified, reproduced, displayed, and distributed the Subject Photograph for commercial benefit and without Plaintiffs' consent, as seen in the screen captures depicted below ("Infringing Use"):

///

///

///

**COMPLAINT**

**INFRINGING USE**

**URL**: *https://www.e3sparkplugs.com/blog/stolen-pulp-fiction-car-found/*



19.     The above exemplars are not meant to encompass all Infringing Uses; the claims made herein are as to any image displayed, published, licensed, distributed and/or sold by Defendants that incorporate without permission, in whole or in part, the Subject Photograph.

20.     On or around May 15, 2024, Plaintiffs sent a letter to E3 informing the company of its infringements and demanding that it cease and desist all use of the Subject Photograph. Defendants have failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF
### (For Copyright Infringement – Against all Defendants, and Each)

21.     Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22.     On information and belief, Plaintiffs allege that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on Trunk Archive's website, profiles and features, online publications and press featuring Leibovitz' work, Leibovitz' social media accounts, the publication of Leibovitz' photograph in books and physical publications, and/or through viewing the Subject Photograph on third-party websites. Access is further established by the exact reproduction of the Subject Photograph in the Infringing Use.

23.     On information and belief, Plaintiffs allege that Defendants, and each of them, infringed Plaintiffs' copyrights in the Subject Photograph by, without limitation, copying, modifying, reproducing, publishing, and displaying the Subject Photograph in the Infringing Use for commercial benefit to the public as set forth above, without Plaintiffs' authorization or consent.

24.     On information and belief, Plaintiffs allege that Defendants, and each of them, infringed Plaintiffs' copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public for commercial benefit.

25.     Due to Defendants', and each of their, acts of infringement as alleged herein, Plaintiffs have suffered general and special damages in an amount to be established at trial.

26.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photograph. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs' rights in the Subject Photograph in an amount to be established at trial.

27.     On information and belief, Plaintiffs allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages

COMPLAINT

under Section 504(c)(2) of the Copyright Act in the sum of up to one-hundred fifty-thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

<b><u>SECOND CLAIM FOR RELIEF</u></b>
<b>(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)</b>

28.    Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

29.    On information and belief, Plaintiffs allege that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Uses on affiliate, third-party, and social media sites.

30.    On information and belief, Plaintiffs allege that Defendant(s), and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posting and sharing of the Infringing Uses, and were able to supervise the publication and distribution of the Infringing Uses.

31.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered general and special damages in an amount to be established at trial.

8
<b>COMPLAINT</b>

32.     Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photograph. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

33.     On information and belief, Plaintiffs allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF
**(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)**

34.     Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

35.     Plaintiffs' Subject Photograph was routinely published with attribution information, including the artist's name and/or the title of the work, gutter credit, metadata, or other indicia of ownership, which identified Leibovitz as the author and owner of the Subject Photograph, and which qualifies as copyright management information ("CMI").

36.     On information and belief, Plaintiffs allege that Defendants, and each of them, knowingly removed Plaintiffs' CMI in violation of 17 U.S.C. § 1202(b) before copying, reproducing, distributing, and displaying the Subject Photograph.

37.     On information and belief, Plaintiffs allege that Defendants, and each of them, distributed and imported for distribution, or publicly performed works, knowing that CMI has been removed or altered without authority of Plaintiffs, knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement.

38.     On information and belief, Plaintiffs allege that Defendants, and each of them, in violation of 17 U.S.C. § 1202(a), knowingly and with intent to induce, enable, facilitate, or conceal infringement, provided false CMI when they modified the Subject Photograph and added their own branding, logos, and attribution, wrongfully associating Leibovitz' work with Defendant E3.

39.     On information and belief, Plaintiffs allege that Defendants knew they were providing false CMI and distributing CMI that was false at the time it distributed unauthorized copies of the Subject Photograph.

40.     As a result of the foregoing, as alleged herein, Plaintiffs have suffered and will seek to recover actual damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

41.     That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiffs' copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any web, print, or other publication or account owned, operated, or controlled by any Defendant.

**COMPLAINT**

42.   That Plaintiffs be awarded all profits of Defendants, and each of them, plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. §§ 504 and 1203, and other applicable law.

43.   That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiffs' intellectual property rights;

44.   That Plaintiffs be awarded their attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq*.;

45.   That Plaintiffs be awarded their costs and fees;

46.   That Plaintiffs be awarded pre- and post-judgment interest as allowed by law; and

47.   That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: July 14, 2026                                    Respectfully submitted,
New York, New York

                                        By:   */s/ Alexandra Licitra*
                                               Alexandra Licitra, Esq.
                                               Scott Alan Burroughs, Esq.
                                               **DONIGER / BURROUGHS**
                                               247 Water Street, First Floor
                                               New York, New York 10038
                                               (310) 590-1820
                                               alicitra@donigerlawfirm.com
                                               scott@donigerlawfirm.com
                                               *Attorneys for Plaintiff*

11
**COMPLAINT**